**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN 253265)
david@kazlg.com
2633 E. Indian School Rd., Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Brian Attard (SBN 332982)
brian@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

Attorneys for Plaintiff,
THERESA COLUNGA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| THERESA COLUNGA, | Case No.   2:21-cv-03081 |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.** |
| CREDIT CONTROL, LLC, | 2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788-1788.33; AND** |
| Defendant. | 3. **NEGLIGENCE** |

COMPLAINT

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtors' rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Theresa Colunga ("Plaintiff"), through her attorneys, brings this action to challenge the actions of Credit Control, LLC ("Defendant"), with regard to its attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

COMPLAINT

6.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

7.   This Court has federal question jurisdiction because this case arises out of violation of federal law, the FDCPA.  *See* 28 U.S.C. § 1331; *see also* 15 U.S.C. § 1692(k).

8.   This Court also has supplemental jurisdiction to hear related state-law claims, pursuant to 28 U.S.C. § 1367.

9.   Defendant regularly attempts to collect alleged debts against consumers in Orange County by sending letters and making telephone calls to consumers, as Defendant did to Plaintiff, and thus, personal jurisdiction is established.

10.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendant is registered to do business in the State of California; (ii) at all material times hereto, Plaintiff resided in the County of Orange, State of California within this judicial district; (iii) the conduct complained of herein occurred within this judicial district; and (iv) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

11.  Plaintiff is a "consumer," as that term is used in 15 U.S.C. § 1692a(3), and she is a "person," as defined in California Civil Code § 1788.2(g).

12.  Plaintiff resides in the City of Huntington Beach, County of Orange, State of California.

13.  Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  Plaintiff

KAZEROUNI
LAW GROUP, APC

is therefore a "debtor" pursuant to California Civil Code § 1788.2(h), and obligation is considered a "debt," as that term is defined by 15 U.S.C. §1692a(5).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a limited liability company organized under the laws of Missouri. Defendant is authorized to and regularly conducts business within this judicial district.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and it is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

17. Sometime prior to September of 2020, Plaintiff allegedly incurred a debt to Department Stores National Bank which was then sold, transferred, or assigned to Defendant (the "Debt").

18. This alleged obligation was for money, property, or the equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another and was therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. In or around September of 2020, Defendant called Plaintiff's place of employment, Kahoots Pet Store ("Kahoots"), in an attempt to collect on the alleged Debt.

20. Plaintiff had not previously consented to Defendant contacting Plaintiff's coworkers through any means regarding the Debt.

21. Kahoots' employees are instructed to answer the phone in the following manner: "Kahoots Pet Store; this is [employee's name]. How may I help you?" This greeting makes it clear to the caller that he or she is phoning a business and not a residence.

22. Defendant nevertheless asked an employee of Kahoots who answered Defendant's phone call and did not identify themselves with Plaintiff's name whether Plaintiff was available and stated that the call was placed to collect upon a debt.

23. Plaintiff's coworker then informed Plaintiff that Defendant was calling for her, and that the call was related to collecting a debt.

24. This shocked and embarrassed Plaintiff, as she did not want her coworkers to be aware of the Debt, nor did she authorize Defendant to communicate with her coworkers in order to collect the Debt.

25. Plaintiff took the phone from her coworker and informed Defendant that they should not have informed her coworker about her personal business and that she did not want the fact that she was being sought by a debt collector to become common knowledge around her office.

26. Defendant called Plaintiff's place of work in an attempt to collect upon a debt, and action that Defendant reasonably should have known was not an acceptable method of communicating.

27. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, mental anguish, and anxiety regarding the Debt.

**15 U.S.C. § 1692c**

28. 15 U.S.C. § 1692c(b) provides the following:

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of

- 4 -

competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

29. Defendant disclosed information regarding Plaintiff's alleged Debt to Plaintiff's coworker in direct violation of the FDCPA, 15 U.S.C. § 1692c(b), which prohibits any direct communication with any third parties without prior consent of the debtors.

30. Plaintiff never consented to Defendant's contact of her coworker.

31. It was clear or should have been clear to Defendant that Defendant had called a place of business, since a Kahoots employee would have answered the phone indicating that the call was placed to a Kahoots store.

32. As such, Defendant knew or should have known that this was likely Plaintiff's place of employment and that it would be inappropriate, and a direct violation of FDCPA, 15 U.S.C. 1692c(b), to disclosure any information regarding the alleged Debt to someone other than Plaintiff.

33. As a result of Defendant's actions, Plaintiff suffered emotional distress.

**15 U.S.C. § 1692f**

34. 15 U.S.C. § 1692c(b) provides the following: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

35. When Defendant called Plaintiff's place of employment in order to collect upon the alleged debt, this was an action taken with the intent to embarrass or shame Plaintiff into paying her debt.

36. This constitutes an unconscionable means used to collect upon a debt since Defendant is exposing Plaintiff's private information to her coworkers in an attempt to coerce Plaintiff into making payment.

37. Therefore, Defendant used unfair and unconscionable means to collect, or attempt to collect, a debt in violation of 15 U.S.C. § 1692f.

38. As a result of Defendant's actions, Plaintiff suffered emotional distress, mental anguish, and anxiety regarding the Debt.

**Cal. Civ. Code § 1788.17**

39. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33 ("RFDCPA") incorporates the above sections of the FDCPA through Cal. Civ. Code § 1788.17.

40. Therefore, when Defendant violated the relevant sections of the FDCPA it also violated the RFDCPA.

**FIRST CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET. SEQ.**

41. Plaintiff repeats, re-alleges, and incorporates by reference, all other   paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq*.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**SECOND CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**(Rosenthal Act)**

**CAL. CIV. CODE §§ 1788-1788.33**

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.33.

46. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

48. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting her at her place of work.

49. Defendant negligently failed to take affirmative steps to prevent disclosure of Plaintiff's confidential information to third-parties.

50. Defendant's conduct proximately caused injuries to Plaintiff.

51. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

52. Plaintiff believes and alleges that Defendant's disclosure of her confidential information to third parties constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

**FIRST CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET. SEQ.**

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.33**

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**NEGLIGENCE**

- An award of actual damages in an amount to be proven at trial;
- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial;
- An award of punitive damages, in an amount to be adduced at trial, from Defendant; and

- Any and all other relief that the Court deems just and proper.

## **TRIAL BY JURY**

53. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 9, 2021

**KAZEROUNI LAW GROUP, APC**

By: *s/ Brian Attard*
        Brian Attard, Esq.
        Attorney for Plaintiff

- 9 -

COMPLAINT